**Order entered February 19, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00602-CR

**CHRISTOPHER BARBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-35500-V**

## ORDER

On January 16, 2015, we granted appellant's motion to supplement the record and ordered the Dallas County District Clerk to file supplemental clerk's records containing appellant's motion to suppress. In response, the Dallas County District Clerk filed a letter stating "there is no Motion to Suppress Evidence filed in the case." The reporter's record reflects a hearing was conducted on April 11, 2014 in which the trial court references appellant's motion to suppress. At the hearing, the trial court referenced two trial court numbers: F11-51772-V and F13-35500-V. No appeal is before this Court from trial court no. F11-51772-V.

Appellant has now filed a brief in which he asserts that he is entitled to a new trial in this case because the motion to suppress has been lost. Because no finding has been made to that effect, we **ORDER** the trial court to conduct a hearing to determine the following:

- Whether the Dallas County District Clerk can locate the motion to suppress evidence filed by appellant that was filed on or before April 11, 2014. In making this determination, the trial court shall determine whether the document can be located in the file of either trial court no. F11-51772-V or F13-35500-V.

- If the Dallas County District Clerk cannot locate the motion to suppress evidence filed on or before April 11, 2014, the trial court shall determine whether the parties can, by written stipulation, deliver a copy of the motion to suppress evidence to the trial court clerk for inclusion in supplemental clerk's records. *See* TEX. R. APP. P. 34.5(e).

- If the trial court determines that the parties cannot, by written stipulation, deliver a copy of the motion to suppress evidence to the trial court clerk for inclusion in supplemental clerk's records, the trial court shall determine what constitutes an accurate copy of the motion to suppress evidence and order that it be included in supplemental clerk's records. *See* TEX. R. APP. P. 34.5(e).

We **ORDER** the trial court to transmit to this Court, within **THIRTY DAYS** of the date of this order, its findings of fact, any stipulations and orders, any supporting documentation, and the copy of the motion to suppress evidence as set out above.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     LANA MYERS
            JUSTICE